IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD L. ROBERTS, SR.,
etc.,

          Plaintiff,          Case No. 3:05 CV 7365

    -vs-

                                  MEMORANDUM OPINION

GLENS FALLS INSURANCE CO.,
Et al.,

          Defendant.

KATZ, J.

Pending before this Court is a motion to remand filed on behalf of Richard L. Roberts Sr., Executor of the Estate of Richard Shinaberry, Deceased (Doc. No. 4) as to which Defendant has filed an opposition and Plaintiff a reply; Defendant has also filed a motion for leave to file a joint amended notice of removal. (Doc. No. 10). For the reasons hereinafter stated, Plaintiff's motion will be denied and Defendants' motion for leave to file a joint amended notice of removal will be granted.

Plaintiff originally sued Defendants American Guarantee Liability Insurance Co. ("American Guarantee") and Glens Falls Insurance Co. ("Glens Falls") in state court. American Guarantee filed a notice of removal within thirty days of being served. That notice stated that co-Defendant Glens Falls consented to the removal, and would evidence such by way of a separate filing with the Court. No representative of Glens Falls signed American Guarantee's notice of removal. Glens Falls filed its written consent to removal eight days after American Guarantee filed its notice, but more than thirty days after Glens Falls was served with the Complaint. After

Plaintiff moved to remand (Doc. No. 4), American Guarantee asked the Court for leave to amend the petition to correct the procedural mistake of failure to include all defendants (Doc. No. 10).

Under the "rule of unanimity":

> [A]ll defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of . . . a summons when the initial pleading demonstrates that the case is one that may be removed . . . . Failure to obtain unanimous consent forecloses the opportunity for removal under [28 U.S.C.] Section 1446.

*Loftis v. United Parcel Serv.*, 342 F.3d 509, 516 (6th Cir. 2003).

In *Jordan v. Murphy*, 111 F. Supp. 2d 1151 (N.D. Ohio 2000), as in this case, the removing defendants stated in their timely notice of removal that another set of defendants consented to removal, but no representative of the supposedly-consenting defendants signed the notice. After the expiration of thirty days, all defendants consented in writing. This Court held that, despite the expiration of the thirty days for removal, the defendants in *Jordan* could amend the original removal petition to correct the procedural defect of failure to include all defendants. In so holding, the Court principally relied on two Sixth Circuit cases, *Tech Hills II Associates v. Phoenix Home Life Mutual Insurance Co.*, 5 F.3d 963 (6th Cir. 1993) and *Klein v. Manor Healthcare Corp.*, No. 92-4328, 1994 U.S. App. LEXIS 6086 (6th Cir. Mar. 22, 1994) (unpublished).

In *Tech Hills*, the Sixth Circuit noted its recent holding in *Gafford v. General Electric Co.*, 997 F.2d 150 (6th Cir. 1993) that a defendant may "cure defective allegations of diversity jurisdiction in its removal petition where such jurisdiction did in fact exist after the time for removal had expired." *Tech Hills*, 5 F.3d at 969 (footnote omitted). In *Gafford*, the removing defendant's allegations of diversity jurisdiction were defective because they failed to allege the defendant's principal place of business. The Sixth Circuit affirmed the district court's decision to

2

allow the defendant to amend the removal petition, after the thirty days for removal had expired, to include evidence of its principal place of business. Both *Tech Hills* and *Gafford* quoted with approval the following explanation:

> . . . Better, if the jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it. It appears that the time has come to reexamine this entire matter and expressly adopt the approach . . . that amendments to the jurisdictional allegations of removal petitions should be permitted in the same manner as amendments to any other pleading.
> . . . .
> It must be made clear that this opinion is not to be construed as departing in any way from the precept that the facts giving rise to federal jurisdiction must be strictly construed and alleged with particularity. The decision holds only that the time has come to apply the principles of modern pleading relating to amendments to removal petitions, and that amendments should be permitted, to implement the spirit of the statute and rules cited herein, where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court.
> . . . .
> Virtually all of the commentators and the great weight of judicial authority favor the rule adopted by this decision. Indeed, the strict view reflected by the earlier cases hereinabove cited has been expressly criticized.
>
> For the above reasons, the court holds that a petition for removal may be amended under the same considerations governing the amendment of any other pleading containing jurisdictional allegations.

*Gafford*, 997 F.2d at 164 (quoting *Stanley Elec. Contractors, Inc. v. Darin & Armstrong Co.*, 486 F. Supp. 769, 772 (E.D. Ky. 1980)).

*Klein* extended *Gafford*'s endorsement of amendment to cure defects in a removal petition to alleged procedural deficiencies such as failure to include all defendants:

> Although *Gafford* . . . involved a jurisdictional deficiency (i.e., failure to adequately state grounds for diversity jurisdiction) in a defendant's removal petition, we think the reasoning . . . is equally relevant in the context of an alleged procedural deficiency (i.e., failure to include all defendants in a removal petition). Here, the parties did not dispute that the district court could, pursuant to a properly-drafted removal petition, exercise federal question jurisdiction over plaintiff's action; the only question was whether the failure to strictly comply

> initially with the niceties of the removal procedures could prevent the court from doing so. To preclude federal jurisdiction in this instance, we feel, would contravene the spirit of the more recent case law on the subject. We decline to so hold, and, accordingly, we reject plaintiff's argument founded on defendants' failure to initially explain Vadis's failure to join in his co-defendants' removal petition.

*Klein*, 1994 U.S. App. LEXIS 6086, at *17.

Plaintiff argues that *Loftis*, specifically the portion quoted above, overrules this Court's opinion in *Jordan*, and requires remand in this case. However, *Loftis*' holding that all defendants must consent to removal in writing within thirty days of service neither speaks to nor prohibits the subsequent amendment of a petition to correct the mistaken omission of a defendant, as provided for in *Jordan* and *Klein*. Indeed, amendment was not at issue in *Loftis* because one of the defendants in that case not only refused to consent to removal, but filed his own motion for remand. *Loftis*, 342 F.3d at 512. *Loftis*' reiteration of the rule that a removal petition failing to secure the written consent of all defendants within thirty days of service is defective says nothing about the availability of a subsequent amendment to cure that defect. *Jordan* and *Klein* indicate that such an amendment should be allowed.

Plaintiff points out that he *has* objected to American Guarantee's motion for leave to amend the removal petition, and claims this Court's holding in *Jordan* was premised on the *failure* of the plaintiff in that case to do the same. However, while this Court in *Jordan* noted the plaintiff's failure to object as one factor favoring granting the motion, such failure was not integral to the Court's holding, nor to the Sixth Circuit's holding in *Klein*.

Plaintiff has asserted in his motion to remand that the failure of American Guarantee to include the summons to Glens Falls in its notice of removal, and to state whether Glens Falls had been served with that summons, is fatal to the petition for removal. Glens Falls was served on

4

August 12, 2005, while American Guarantee was served on August 15, 2005. American Guarantee's service date was set forth in its petition and it was the later served on Defendant, which had thirty (30) days from August 15, 2005 to file its petition. That petition was filed on September 12, 2005. The Court agrees with Defendant that there was nothing preventing Plaintiff from determining whether the removal petition was timely filed, and it was clear on the face of that petition that such was the case. The Court further agrees that to the extent Glens Falls' service date is a procedural defect Defendant should be allowed leave to file a joint amended notice of removal.

Under 28 U.S.C. §1446(a) a removing defendant is required to file in the district court copies of all process, pleadings and orders served upon such defendant or defendants in such action. Since American Guarantee was the party removing this action and was not served with a copy of the co-defendant's summons, under the strick language of the statute it was not required to attach the summons served upon Glen Falls.

In sum, the Court finds that refusing to allow Defendants to amend their removal petition, which indicated Glens Falls' consent to removal but lacked its representative's signature, where eight days later such written consent was filed, would be to elevate form over substance. The Motion for Leave to File a Joint Amended Notice of Removal (Doc. No. 10) is granted; the Motion to Remand (Doc. No. 4) is denied.

    IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    SENIOR U. S. DISTRICT JUDGE